Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Lucas K. Hori (State Bar No. 294373)
lhori@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Rd., 9th Flr.
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
HEALTHPRO BRANDS INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CHRYSTAL ROBERTS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHPRO BRANDS INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>(Los Angeles Superior Court Case No. 25STCV19202) |

PLEASE TAKE NOTICE that Defendant HealthPro Brands Inc. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Defendant is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

**State Court Action**

1. On July 1, 2025, Plaintiff Chrystal Roberts ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Chrystal Roberts v. HealthPro Brands Inc.*, Case No. 25STCV19202 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as *Exhibit 1* (the "Complaint").

2. All other pleadings, processes, and orders served upon or received by Defendant in the State Court Action or found on the docket in that action are also attached hereto:

    a. The Summons is attached as *Exhibit 2*;

    b. The Proof of Service is attached as *Exhibit 3;*

    c. The Civil Case Cover Sheet with its addendum is attached as *Exhibit 4*;

    d. The Notice of Case Assignment is attached as *Exhibit 5*;

    e. A copy of the other papers served upon Defendant are attached as *Exhibit 6*;

    f. A copy of the docket in the State Court Action is attached as *Exhibit 7*; and

    g. A copy of the other papers found on the docket in the State Court Action not encompassed above are attached as *Exhibit 8*.

3. As of the filing of this Notice of Removal, Defendant has not filed an answer to the Complaint or otherwise appeared in this action.

/ / /

4. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Central District of California encompasses the location in which the State Court Action is currently pending (i.e., Los Angeles, California). *See* 28 U.S.C. § 84(c)(2) (setting Los Angeles County in the Central District, Western Division); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## The Action Is Removable Under Diversity Jurisdiction, 28 U.S.C. § 1332(a)(1)

5. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are (1) citizens of different states and (2) the amount in controversy exceeds $75,000.

### *The Parties Are Citizens of Different States*

6. An action is removable based on diversity jurisdiction if the controversy is between "Citizens of different States." 28 U.S.C. § 1332(a)(1).

7. Plaintiff was a citizen and resident of California at the time the Complaint was filed in the State Court Action and remains a citizen of California. (Complaint ¶ 13 ("Plaintiff Chrystal Roberts is, and at all times relevant hereto was, a citizen of the state of California.").) Plaintiff purports to allege class claims on behalf of a class of California citizens. (Complaint ¶ 23.)

8. Defendant is a corporation incorporated in Ohio and has its principal place of business in Ohio. Defendant is not incorporated in nor does it have its principle place of business in California. A corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant is, thus, a citizen of Ohio and not a citizen of California for purposes of determining diversity.

9. Because no Defendant is a citizen of the same state as a Plaintiff, complete diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

10. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id*. Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89.

11. Plaintiff alleges that she purchased Defendant's "Fit Organic Fruit and Vegetable Wash" (the "Product"), and that Defendant "falsely promotes and represents that the Product is 'chemical-free,' 'organic,' '100% natural ingredients,' and capable of removing '98% more pesticides, waxes, human-handling residues, and other contaminants than water alone.'" (Complaint ¶ 3, 13.) Defendant denies any of Plaintiff's claims are accurate or valid. Nonetheless, accepting the Complaint solely for purposes of determining the jurisdictional amount in controversy and without conceding Plaintiff is entitled to any damages, remedies, or penalties whatsoever, the claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the 'amount at stake in the underlying litigation'") (citation omitted) (*Fristch*); *Woods v. CVS Pharmacy, Inc.*, No. 14-cv-259-PA-RZx, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citation omitted). At least $75,000 is at stake in this litigation as established through the following elements.

/ / /

/ / /

*Cost of Injunctive Relief Exceeds $75,000*.

12. Plaintiff seeks injunctive relief, requesting Defendant be enjoined "from continuing to disseminate and or [sic] including the Misrepresentations and Omission detailed herein in the [1] marketing, [2] advertising, [3] website pages, [4] packaging and [5] labeling of the Product." (Complaint ¶ 43; *see also* Prayer for Relief, § 1 (requesting an "order enjoining Defendant from pursuing the practices complained of herein").) The "costs of complying with an injunction" are considered in calculating the amount in controversy. *Fritsch*, 899 F.3d at 793; *see Pagel v. Dairy Farmers of Am., Inc.*, 986 F.Supp. 2d 1151, 1158 (C.D. Cal. 2013); 28 U.S.C. § 1446(c)(2)(A)(i) ("the notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief").

13. Plaintiff seeks injunctive relief ostensibly covering both Defendant's packaging / labeling, and also Defendant's marketing and advertisement materials. Defendant in no way concedes such relief is justified or appropriate. The demanded injunctive relief, however, would require Defendant to incur significant time and costs overhauling its materials. For example, Defendant sells the Product in multiple packaging configurations. Altering the packaging and labeling for each product would require Defendant to design and print different labels, to individually assess each package, to gain approval of new product labeling from certifying entities with accompanying costs, and to coordinate a transition to new product packaging supply and implementation. To the extent that product had already been packaged, Defendant would need to address product recall and/or re-distribution, with corresponding and significant impacts on revenue and market position. Moreover, Plaintiff also demands that Defendant change its marketing, advertising, and website pages. This too would result in re-design and labor costs. The costs to Defendant of complying with Plaintiff's requested injunctive relief alone will thus exceed $75,000.

/ / /

/ / /

***Attorneys' Fees In Controversy Exceed $75,000*.**

14. The Complaint requests attorneys' fees. (Complaint, Prayer for Relief, § 4 (requesting an "award of attorney fees pursuant to Cal. Civil Code § 1021.5 (underscore omitted).) Defendant denies that any fee award is appropriate. In the Ninth Circuit, however, the amount in controversy includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Under California Code of Civil Procedure section 1021.5, "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest." Cal. Code Civ. Proc. § 1021.5; *Petersen v. Gold Bond Bldg. Prods.*, LLC, No. 24-cv-00617-TSH, 2024 U.S. Dist. LEXIS 146800, at *25 (N.D.Cal. Aug. 16, 2024) (considering fees under Section 1021.5 in removal calculation); *Rombaut v. U.S. Concepts LLC*, No. 2:25-cv-02802-AB-Ex, 2025 U.S. Dist. LEXIS 139081, at *9 (C.D.Cal. July 18, 2025) ("Because reasonable attorneys' fees are recoverable pursuant to Cal. Lab. Code § 2802 and Cal. Civ. Code § 1021.5, they must be included in the amount in controversy.").

15. A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley- Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (citing "evidence that [plaintiff's] attorney sought 35 percent in a similar case"). Plaintiff's attorney Paul D. Stevens of Stevens, LC sought fees in class actions under California statutes at an hourly rate of $950 in 2020 and 2021. *See Johnson v. United States Bank Nat'l Ass'n*, No. 19-cv-286 JLS (LL), 2020 U.S. Dist. LEXIS 151168, at *9 (S.D. Cal. Aug. 20, 2020) (awarding fees of $2,145,000.00 to Stevens, LC and other firms); *id.*, ECF No. 37-4, ¶ 25 (Declaration of Paul D. Stevens claiming hourly rate of $950 per hour); *Kang v. Wells Fargo Bank, N.A.*, No. 17-cv-06220-BLF, 2021 U.S. Dist. LEXIS 235254, at *56

(N.D. Cal. Dec. 8, 2021) (awarding Stevens, LC and other firms $21,053,146.92 in fees); *id.*, ECF No. 114-2, ¶ 74 (Declaration of Paul D. Stevens claiming rate of $950); *see also 41 Hallman v. Wells Fargo Bank, N.A.*, No. 2:18-cv-01190 JLR, 2021 U.S. Dist. LEXIS 261860, at *4 (W.D. Wash. June 10, 2021) (awarding fees of $333,333.33 to Stevens, LC); *id.*, ECF No. 43-2, ¶ 31 (Declaration of Paul D. Stevens claiming rate of $950).

16. Assuming this action is litigated to conclusion, Plaintiff's attorneys would likely seek fees based on a similar or higher rate here. To obtain at least $75,000 in fees at 2020 / 2021 rates, they would need to bill less than 80 hours. This litigation, should it proceed past the pleadings, would involve discovery, deposition practice, motion practice (including potential class certification and dispositive motions), trial preparation, and trial conduct. Discovery will likely include the retention of experts to opine on the allegations, and those experts would need to be deposed. The respective sides will thus spend more than 80 hours on this case, resulting in excess of $75,000 of attorneys' fees in controversy.

17. Plaintiff's pleaded assertions and theories of recovery thus establish the amount in controversy exceeds $75,000, as attorneys' fees and injunctive relief will exceed $75,000. Moreover, "there is supplemental jurisdiction over the claims of unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-controversy requirement." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001).

**Defendant Satisfies the Requirements of 28 U.S.C. § 1446**

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

19. This Notice of Removal has been filed within 30 days of July 13, 2025, the date of the Complaint's service and from which it was first ascertainable this case was removable. *See* 28 U.S.C. § 1446(b)(2)(B) (removal proper within 30 days of service); Exhibit 3 (proof of service reflecting substitute service, with mailing on July

3, 2025); *Cucci v. Edwards*, 510 F.Supp.2d 479, 482 (C.D. Cal. 2007) (citing Cal. Code Civ. Proc. § 415.20(a)) ("Substituted service . . . is not deemed complete until 10 days after the plaintiff mails a copy of the summons and complaint . . . .").

20. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendant will serve written notice thereof on Plaintiff as described in the Certificate of Service.

21. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendant will promptly notify and file with the Clerk of Courts for the Superior Court of California, County of Los Angeles a notice of the filing of this Notice of Removal.

22. Defendant does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant removes the State Court Action to this Court.

Dated: August 4, 2025

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS K. HORI

By: */s/ Lucas K. Hori*
Lucas K. Hori
Attorneys for Defendant
HEALTHPRO BRANDS INC.