**Electronically FILED by
Superior Court of California,
County of Los Angeles
7/01/2025 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
STEVENS, LC
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1211
Fax: (213) 270-1223

*Attorneys for Plaintiff and the Proposed Class*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CHRYSTAL ROBERTS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHPRO BRANDS INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 25STCV19202<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, et. seq.<br><br>2.  VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, et. seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHRYSTAL ROBERTS ("Plaintiff" or "Ms. Roberts"), individually and on behalf of all others similarly situated, by and through her attorneys, brings this class action against Defendant HEALTHPRO BRANDS INC. ("Defendant") and alleges the following:

## I.    NATURE OF THE ACTION AND STATEMENT OF FACTS

1.    This action arises from Defendant's false, misleading, and deceptive advertising and marketing of its product labeled as "Fit Organic Fruit and Vegetable Wash" and otherwise referred to on Defendant's website  as "Fit Organic Produce Wash," which is sold in various sizes (hereinafter referred to as the "Product").

2.    Defendant offers the Product for sale through various channels, including directly on Defendant's website and through third party retail outlets and internet websites such as Walmart, Lowe's, Target, Ralph's and Amazon.

3.    As set forth below, through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, including creating marketing materials on the packaging, product labels and product website pages pertaining to the Product for third-party sellers, Defendant falsely promotes and represents that the Product is "chemical-free," "organic," "100% natural ingredients" and capable of removing "98% more pesticides, waxes, human-handling residues, and other contaminants than water alone" and failed to disclose or warn that some produce is also porous and may absorb the Product despite thorough rinsing, and can make consumers sick.

### A.    Defendants' False, Misleading and Deceptive Advertising and Marketing

4.    True and accurate representations of the advertising claims for the Product on Defendant's brand website, the Product labels and packaging, and social media pages are set forth below:

**Website Images:**

    i.



- Fit Organic Produce Wash is certified organic and removes 98% more pesticides, waxes, human-handling residues, and other contaminants than water alone
- Why use something with chemicals to remove chemicals? Achieve an organic clean with FIT.
- Certified Food product - doesn't use chemicals
- Removes 98% more pesticides & residues on non-organics
- https://www.fitorganic.com/products/fit-ogranic-12-oz-spray-produce-wash

    ii.



- So clean.
- Cleans 98% better than water alone.
- https://www.fitorganic.com/

CLASS ACTION COMPLAINT

iii.



- Spraying or soaking produce with Fit Organic means never serving a dirty bite again.
- https://www.fitorganic.com/

iv.



- There's a lot we can't control, but plenty we can. Fit Organic keeps produce wash fresh and healthy from everyday dirt and grime.
- No harsh chemicals.
- Made from food to clean food.
- https://www.fitorganic.com/

CLASS ACTION COMPLAINT

v.



**Rigorously Tested and Proven Since 1994**

Fit Organic was created in 1994 by Procter & Gamble to help Americans effectively remove dirt, grime, and bacteria from their fresh produce. From the beginning, Fit Organic's patented formula was made with 100% natural ingredients.
That tradition of keeping fresh produce safe and clean continues today with the same organic formula now available across the country. So you can trust every bite to be clean and fresh.

- Effectively remove dirt, grime and bacteria from their fresh produce.
- Fit Organic's patented formula was made with 100% natural ingredients.
- The tradition of keeping fresh produce safe and clean continues today with the same organic formula.
- So you can trust every bite to be clean and fresh.
- https://www.fitorganic.com/

vi.



**Why Fit Organic?**

Water alone can't wash all the dirt, grime, pesticides, and more off of fresh fruit and vegetables. Fit Organic safely cleans up to 98% more than water alone. So you and your family get the best of fresh produce and none of the gross stuff.

- Water alone can't wash all the dirt, grime, pesticides, and more off of fresh fruit and vegetables. Fit Organic safely cleans up to 98% more than water alone.
- https://www.fitorganic.com/pages/about-fit-organic

5

CLASS ACTION COMPLAINT

vii.



- The idea was to develop a wash with 100% natural ingredients that could safely clean fresh fruit and vegetables and help families eat well.
- **Certified Organic:** Our products are independently certified organic by the prestigious Oregon Tilth Company. So you can have confidence that while you're washing dirt and grime off your fresh produce, you are cleansing with a safe, certified wash.
- https://www.fitorganic.com/pages/about-fit-organic

viii.



- Adding Fit Organic to remove the additional layers of dirt, pesticides, bacteria and pathogens, and then rinsing once more with clean water to get the cleanest, freshest experience possible.
- https://www.fitorganic.com/pages/about-fit-organic

CLASS ACTION COMPLAINT

**Social Media:**

    i.



- FIT Organic offers a truly natural way to clean your home, with no synthetic detergents or artificial surfactants, unlike other 'natural' brands.
- https://www.instagram.com/fitorganicusa/

    ii.



- Did you know that rinsing with water alone often leaves behind harmful chemicals and contaminants?
- you're essentially 'cleaning your food with food' because the ingredients in FIT are safe enough to eat.
- https://www.instagram.com/fitorganicusa/

CLASS ACTION COMPLAINT

iii.



- When it comes to washing produce, many people think baking soda and vinegar can get the job done. But did you know that relying on these DIY methods may not be enough and could potentially put your family at risk?
- Here's why you should consider switching to Fit Organic produce wash instead: Remove Pesticides and Dirt: Fit Organic uses an organic surfactant (soap) that effectively removes pesticides and dirt, ensuring your fruits and veggies are truly clean. Antimicrobial Power: Unlike Baking Soda and Vinegar, Fit Organic is antimicrobial, meaning it can kill bacteria and pathogens, making your produce safer to eat. Extend Shelf Life: Fit Organic goes the extra mile by not only cleaning but also by extending the shelf life of your produce, thanks to its ability to remove harmful contaminants.
- https://www.instagram.com/fitorganicusa/

iv.



- We craft our soaps using methods from over a hundred years ago, combining only certified organic plant-based oils with natural minerals to formulate our unique, effective products. Let Fit Organic put your mind at ease.
- Our gentle, yet effective formula effortlessly strips away dirt, wax, and harmful bacteria, ensuring that every bite is not just clean, but pristinely safe for your family.
- https://www.instagram.com/fitorganicusa/

CLASS ACTION COMPLAINT

v.



- Safe & non-toxic- made with food grade ingredients.
- Powerful and effective
- https://www.instagram.com/fitorganicusa/

vi.

- Fit Organic keeps fruit and vegetables clean and healthy.
- Fit Organic is 98% more effective at removing unwanted first, residue and wax.
- https://www.instagram.com/fitorganicusa/

CLASS ACTION COMPLAINT

vii.



- By washing your fruit with Fit Organic, you're preserving nutrients and flavor while eliminating unwanted contaminants.
- Make your healthy snacks truly ✨ healthy ✨ again.
- https://www.instagram.com/fitorganicusa/

viii.



- Using Fit Organic Produce Wash is 98% more effective than water alone, helping remove dirt, bacteria, and pesticides from your produce so your fresh foods can truly support your health.
- Why it matters: Clean produce naturally boosts your immunity. Keep those flu-season germs at bay. Your fruits and veggies stay fresher for longer.
- https://www.instagram.com/fitorganicusa/

CLASS ACTION COMPLAINT

**<u>Product Labels:</u>**

i.

**Front Label:**                    **Back Label:**

    

- Fit Organic will get your fruit and vegetables cleaner by removing 98% more chemicals and wax than water alone.

5.    The advertising claims for the Product on Defendant's brand website, the Product labels and packaging, and social media pages set forth above in paragraph 4 and below in paragraph 5 (collectively and hereinafter referred to as "the Misrepresentations") are false, misleading, deceptive, unfair, fraudulent, and unlawful under the Unfair Competition Law ("UCL"), Business and Professions Code Sections 17200, *et seq.*, and the False Advertising Law ("FAL") 17500 *et seq.*, as follows:

i.    Defendant advertises that the Product "doesn't use chemicals," when in fact the Product contains multiple chemical compounds including purified water ($H_2O$), organic alcohol ($C_2H_5OH$), organic glycerin ($C_3H_8O_3$), potassium hydroxide (KOH), and various organic oil compounds.  Defendant's marketing slogan "Why use something with chemicals to remove chemicals?" creates a false dichotomy when their own Product contains chemicals, including potassium hydroxide, a caustic alkali commonly used in soap-making.

CLASS ACTION COMPLAINT

ii.      Defendant claims the Product "removes 98% more pesticides, waxes, human-handling residues, and other contaminants than water alone."   However, major health authorities and other experts have advised that produce washes are not any better than water and advise against the use of any type of detergent on fruits and vegetables because it can leave behind a film not intended to be consumed and not proven safe. This is based on the following, including but not limited to:

a.   The U.S. Food and Drug Administration (FDA) states: Wash all produce thoroughly under running water before preparing and/or eating, including produce grown at home or bought from a grocery store or farmers' market; washing fruits and vegetables with soap, detergent, or commercial produce wash is not recommended. Produce is porous. Soap and household detergents can be absorbed by fruits and vegetables, despite thorough rinsing, and can make consumers sick. Also, the safety of the residues of commercial produce washes is not known and their effectiveness has not been tested.[1]

b.   The U.S. Department of Agriculture (USDA) advises that Consumers should not wash fruits and vegetables with detergent, soap or commercial produce washes.[2]

c.   The Mayo Clinic states there is no need for soap or a special produce wash and recommends against special produce washes.[3]

d.   The Center for Food Safety states [produce washes] are not any better than water.[4]

e.   University of Maine researchers found that distilled water was equally if not more effective.[5]

---

[1] https://www.fda.gov/food/buy-store-serve-safe-food/selecting-and-serving-produce-safely
[2] https://www.fsis.usda.gov/food-safety/safe-food-handling-and-preparation/food-safety-basics/washing-food-does-it-promote-food; See also https://www.aarp.org/home-family/your-home/info-2022/guide-to-washing-produce.html#:~:text=Rinse%20fresh%20produce%20under%20running%20water.&text=Before%20eating%2C%20remove%20any%20torn,baking%20soda%20to%20clean%20produce.
[3] https://newsnetwork.mayoclinic.org/discussion/mayo-clinic-minute-why-you-need-to-wash-your-fresh-produce/
[4] https://www.centerforfoodsafety.org/healthy-home/3274/cfs-healthy-home/tips-for-a-healthy-home/3474/the-truth-about-produce-wash#
[5] http://umaine.edu/publications/4336e/

CLASS ACTION COMPLAINT

iii.     Defendant's phrase "achieve an organic clean" misleadingly suggests its cleaning method is superior when health authorities recommend plain water.

iv.     Defendant uses "organic" terminology to falsely imply the Product is "chemical-free" and inherently safer, exploiting consumer misconceptions about organic certification.

v.     The claim of "100% natural" is misleading. The Product contains Potassium Hydroxide (KOH).  KOH is not natural. KOH is a caustic alkali used in soap-making and industrial applications. The Product contains Organic Alcohol (ethanol), which is semi-synthetic and not natural.

6.     Defendant has made, and continues to make these false, deceptive, misleading, unfair, fraudulent, and unlawful claims and promises to consumers the Misrepresentations.

**B.  Defendant's Omission And Non-Disclosure That Some Produce Is Also Porous And May Absorb The Product Despite Thorough Rinsing And Can Make Consumers Sick.**

7.     Defendant's Product contains potassium hydroxide and creates soap-like residues that USDA warns "can leave behind a film that is not intended to be consumed."[6]

8.     Defendant fails to disclose or warn that some produce is also porous and may absorb the Product despite thorough rinsing and can make consumers sick (hereafter defined as and referred to as the "Omission" and/or "Omissions").

9.     The marketing and labeling of the Product could and should have provided a disclosure that states, at a minimum, "Caution: some produce is porous and may absorb the Product despite thorough rinsing and can make consumers sick."

10.     Plaintiff and other consumers were not and are not provided adequate information or warning of the Omission.

11.     Defendant's Omission is unlawful for the following reasons:

a.     It is contrary to representations made by Defendant.   The Omission directly contradicts Defendant's marketing, as set forth above.

---

[6] https://www.fda.gov/food/buy-store-serve-safe-food/selecting-and-serving-produce-safely

b.  It is an omission of a fact that Defendant was obliged to disclose, on the following basis:

i.  Defendant had exclusive knowledge of material facts not known or reasonably accessible to Plaintiff.  Defendant has exclusive knowledge of the manufacturing process and composition of materials and chemicals in the Product and the effects of the ingredients as Defendant is the manufacturer, distributor, and marketer of the Product.  At the time of purchase, Plaintiff lacked the knowledge of the effects of the ingredients in the Product and lacked the expertise to ascertain the effects of the ingredients and their risks to human health.  Plaintiff and reasonable consumers must, and do, rely on Defendant to disclose the materials, chemicals, and ingredients in the Product and advise of the risks that may potentially affect the health and/or safety of consumers.

ii.  Defendant made and continues to make partial representations that are misleading because some other material fact has not been disclosed.  Defendant's Misrepresentations are misleading in light of the Omission.

iii.  The undisclosed information and Omission implicates safety concerns that a reasonable consumer would find material.

12.  Defendant has made, and continues to make, the Omission.

**C. Plaintiff's And Consumers' Reliance and Resulting Harm.**

10.  The Misrepresentations and Omission detailed herein are uniformly advertised through the Product's front label, packaging, website, and other media, in violation of California advertising laws. Plaintiff and the Class purchased the Product in reliance upon the Misrepresentations and the Omission. Plaintiff and the Class were exposed to the Misrepresentations and Omission

11.  Plaintiff and the Class would not have purchased the Product had they known that the Misrepresentations were false and or misleading and had the Omission been disclosed and warned of.

12.  Through its false, misleading, and deceptive advertising, Defendant was able to sell the

14
CLASS ACTION COMPLAINT

Product to thousands of California Citizens based on the Misrepresentations and the Omission. The Product is sold individually for prices ranging from $5.99 to $10.99 per Product.

## II.     THE PARTIES

### A.  Plaintiff

13.     Plaintiff Chrystal Roberts is, and at all times relevant hereto was, a citizen of the state of California. Plaintiff purchased the Product at a Target retail store in Los Angeles, California in 2024.

14.     In making her purchase decisions, Plaintiff relied upon the Misrepresentations and the Omission, under the mistaken belief that the Misrepresentations were true and the Omission was material. Plaintiff lost money in the form of the price premium she paid for the Product which falsely claimed benefits it does not have and would not have purchased the Product had she known the truth.

### B.  Defendant

15.     Defendant HealthPro Brands Inc. is the owner, manufacturer, and/or distributor of the Product and is the company that created and/or authorized the false, misleading, and deceptive labeling and packaging for the Product.

## III.     JURISDICTION AND VENUE

16.     This Court has personal jurisdiction over Plaintiff because Plaintiff is a citizen of California and submits to the Court's jurisdiction.

17.     Defendant HealthPro Brands Inc., ("Defendant") is a corporation formed in Ohio. Defendant directly and through its agents, has substantial contacts with and receives substantial benefits and income from sales of the Product from and through the State of California. Therefore, Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

18.     Venue is proper in this District because Defendant is not registered with the Office of the Secretary of State of California and does not have a Registered Street Address of California Office.

CLASS ACTION COMPLAINT

## IV.    CLASS ALLEGATIONS

23.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> All citizens of the state of California who purchased the Product during the time period of four (4) years preceding the date of the filing of this class action through the present. (Referred to herein as "the Class" or "Class Members").

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

24.    Numerosity: The Class is so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands throughout California and the United States. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

25.    Commonality and Predominance of Common Issues: Defendant has acted on grounds common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members thereby making relief appropriate with respect to the Class as a whole. Common questions of fact and law predominate over questions which may affect individual class members, including the following:

a.    The Product that was and is currently being manufactured, marketed, advertised and sold by Defendant over the proposed class period and the Product purchased by Plaintiff, as set forth herein, each have the same manufacturing process and composition of materials and chemicals and were marketed, advertised and sold by Defendant in the same place and manner.

b.    Each Product is labeled and packaged the same.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging for each Product.

c.  Defendant's marketing and representations about the brand and the Product to which Plaintiff and the Class were exposed were the same during the class period and therefore common to Plaintiff and the Class Members.

d.  Questions of law and fact common to the class are the following:

    i.  Whether Defendant's claims that the Product "removes 98% more pesticides, waxes, human-handling residues, and other contaminants than water alone" is false or misleading.

    ii.  Whether Defendant's usage of "organic" terminology is false or misleading.

    iii.  Whether Defendant's advertising that the Product "doesn't use chemicals" is false or misleading.

e.  Whether the Misrepresentations were and are material to Plaintiff and the Class Members.

f.  Whether the Misrepresentations are false, deceptive and/or misleading in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, and or Cal. Bus. & Prof. Code § 17500, *et seq.*

g.  Whether the Omission was material to Plaintiff and the Class Members.

h.  Whether the Omission violates Cal. Bus. & Prof. Code § 17200, *et seq.*, and or Cal. Bus. & Prof. Code § 17500, *et seq.*

26.  Accordingly, the determination of Defendant's liability under each of the causes of action presents legal issues that are common to Plaintiff and the class as a whole.

27.  Typicality: Plaintiff's claims are co-extensive with those of the Class Members as Plaintiff and the Class's injuries and claims arise from the same course of conduct by Defendant as alleged herein.

28.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations and the Omission. Plaintiff and the Class purchased the Product under the false belief that the Misrepresentations about the Product were true and the Omission was not material. Plaintiff and the Class relied upon Defendant's Misrepresentations and Omission on

the labeling, packaging, and advertising claims and would not have purchased the Product had they known that the Misrepresentations about the Product were not true and had the Omission been disclosed and warned of.

29.    The Class is identifiable and ascertainable: Plaintiff has precisely defined the class based on objective criteria, specifically, "All citizens of the state of California who purchased the Fit Organic Produce Wash product during the time period of four (4) years preceding the date of the filing of this class action through the present." Notice can be provided to such purchasers using techniques and a form of notice customarily used in class actions, including direct notice by email to the Class Members and other California consumers from Defendant's and third-party retailers' records, internet publication, radio, newspapers and magazines.

30.    Adequacy:  Plaintiff is an adequate representative of the Class because Plaintiff's interests are the same as the class in that Plaintiff and the Class were subjected to the same Misrepresentations and Omission by Defendant; Plaintiff intends to prosecute this action vigorously and completely on behalf of herself and the Class; Plaintiff has retained competent counsel experienced in prosecuting class actions; and Plaintiff's interests do not conflict with the interests of the members of the Class. Based thereon the interests of the members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

31.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Plaintiff and Class Members have all suffered and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  The expense and burden of individual litigation would make it impracticable and impossible for proposed Class Members to afford to seek legal redress for the wrongs complained of herein and prosecute their claims individually.  Therefore, absent a class or representative action, the Class Members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of their wrongdoing.   Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency

and efficiency of adjudication. Finally, trial on a representative and class basis would be manageable. Liability may be determined by facts and law common to the Class Representative and the Class Members and or restitution may be determined by proven and approved methods on a class wide basis.

**V.    CAUSES OF ACTION**

**<u>FIRST CAUSE OF ACTION</u>**

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, et seq.**

**(False and Misleading Advertising)**

32.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

33.    This cause of action is brought pursuant to <u>Cal. Bus. & Prof. Code</u> § 17500, *et seq.*, on behalf of Plaintiff and the Class.

*34.*    As alleged in the preceding paragraphs, the false, misleading and deceptive marketing and advertising by Defendant detailed herein constitute unfair, unlawful, and fraudulent business practices within the meaning of <u>Cal. Bus. & Prof. Code</u> § 17500, *et seq.*

35.    Defendant intended the marketing and advertising of the Misrepresentations and the Omission set forth herein.

36.    Defendant publicly disseminated and advertised the Misrepresentations and the Omission set forth herein which Defendant knew, or should have known in the exercise of reasonable care, was untrue or misleading via advertising mediums that include but are not limited to, <u>https://www.fitorganic.com/</u>, the Product's packaging and labeling as set forth herein.

37.    Defendant's misleading representations were material to Plaintiff and the Class Members and played a substantial part, and were a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Product.

38.    Plaintiff and the Class Members relied on Defendant's false, deceptive, and misleading representations and would not have purchased the Product if not for the false, deceptive

19

**CLASS ACTION COMPLAINT**

1   and misleading representations and marketing of the Misrepresentations and the Omission by

2   Defendant set forth herein.

3       39.    Plaintiff and the Class Members have suffered injury in fact and have lost money or

4   property as a result of Defendant's false, deceptive and misleading representations and marketing

5   of the Misrepresentations and the Omission set forth herein.

6       40.    The Product as purchased by Plaintiff and the Class Members was and is

7   unsatisfactory and worth less than the amount paid for them.

8       41.    All of Defendant's conduct alleged herein occurs and continues to occur in

9   Defendant's business.

10      42.    Wherefore, unless and until enjoined by order of this Court, the continued false,

11  misleading and deceptive marketing and advertising by Defendant falsely promoting the Product

12  with the Misrepresentations and Omission detailed herein will continue and cause great and

13  irreparable injury to Plaintiff, Class Members and other California consumers.

14      43.    Therefore, pursuant to Cal. Bus. & Prof. Code §17535, Plaintiff seeks an order in

15  equity from this Court enjoining Defendant from engaging in the above-described wrongful acts

16  and practices, including, but not limited to, an order enjoining Defendant from continuing to

17  disseminate and or including the Misrepresentations and Omission detailed herein in the marketing,

18  advertising, website pages, packaging and labeling of the Product.

19      44.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members

20  restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the

21  value of the Product they paid for and by which Defendant was unjustly enriched.

22              **<u>SECOND CAUSE OF ACTION</u>**

23  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.**

24      **(Unlawful, Unfair, and Fraudulent Business Acts or Practices and**

25      **Unfair Deceptive, Untrue or Misleading Advertsing)**

26      45.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the

27  same as if set forth herein at length.

28

46.    Plaintiff brings this cause of action pursuant to <u>Cal. Bus. & Prof. Code</u> §17200, *et seq.*, on her own behalf and on behalf of all other persons similarly situated.

47.    In its labeling and advertising of the Product, Defendant misleads consumers by disseminating through marketing and advertising the Misrepresentations and the Omission set forth herein.

48.    Defendant's advertising claims about the Product are false, deceptive, misleading, and unreasonable.

49.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." <u>Cal. Bus & Prof. Code</u> § 17200.

### A.    "Unfair" Prong

50.    Under California's Unfair Competition Law, <u>Cal. Bus. & Prof. Code</u> § 17200, *et. seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." <u>Camacho v. Auto Club of Southern California</u>, 142 Cal. App. 4th 1394, 1403 (2006).

51.    Defendant's action of marketing, advertising, packaging and labeling of the Product with the Misrepresentations and the Omission detailed herein are false.

52.    Defendant's actions of falsely advertising the status of the Product cause injuries to consumers, who do not receive what they were promised.

53.    Defendant's false and deceptive marketing, advertising, packaging and labeling with the Misrepresentations and the Omission detailed herein stifles competition in the marketplace.

54.    Consumers cannot avoid any of the injuries caused by Defendant's false and misleading advertising of the Product.

55.    Defendant's conduct of marketing, advertising, packaging and labeling the Product with the Misrepresentations and the Omission detailed herein results in financial harm to consumers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of its harm.

56.    Defendant's marketing, advertising, packaging and labeling of the Product with the Misrepresentations and the Omission detailed herein is false, deceptive, misleading and unreasonable, and constitutes unfair conduct.

57.    Defendant knew or should have known of its unfair conduct.

58.    As alleged in the preceding paragraphs, the Misrepresentations and the Omission by Defendant detailed above constitute an unfair business practice within the meaning of Cal. Bus. & Prof. Code § 17200.

59.    There were reasonably available alternatives to further Defendant's business interests other than the conduct described herein. Defendant could have marketed, advertised, packaged and labeled the Product without making the Misrepresentations and the Omission detailed herein.

60.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

**B.  "Fraudulent" Prong**

61.    Defendant's conduct of marketing, advertising, packaging and labeling the Product with the Misrepresentations and the Omission detailed herein is likely to deceive members of the public.

62.    Defendant's advertising and labeling of the Product with the Misrepresentations and the Omission detailed herein is false, deceptive, misleading, and unreasonable and constitutes fraudulent conduct.

63.    Defendant knew or should have known of its fraudulent conduct.

64.    As alleged in the preceding paragraphs, the material Misrepresentations and the Omission by Defendant detailed above constitute a fraudulent business practice in violation of Cal. Bus. & Prof. Code § 17200.

65.    There were reasonably available alternatives to further Defendant's business interests other than the conduct described herein. Defendant could have marketed, advertised, packaged and labeled the Product without making the Misrepresentations and the Omission detailed herein.

22

CLASS ACTION COMPLAINT

66.    All of the conduct alleged herein occurs and continues to occur in Defendant's business daily.

67.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff and the Class paid an unwarranted premium for the Product. Plaintiff and the Class would not have purchased the Product if they had known that the marketing promoting the Misrepresentations and the Omission detailed herein were false.

### C.  "Unlawful" Prong

68.    Defendant's business practices, described herein, violated and continue to violate the "unlawful" prong of Cal. Bus. & Prof.  Code § 17200, *et seq.* by violating Cal. Bus. & Prof.  Code § 17500, *et seq.*, and Cal. Civ. Code §§ 1573, 1709, 1710, and 1711, as well as the common law, as detailed herein.

69.    Defendant's packaging, labeling, and advertising of the Product with the Misrepresentations and the Omission detailed herein is false, deceptive, misleading and unreasonable, and constitute unlawful conduct.

70.    Defendant knew or should have known of its unlawful conduct.

71.    As alleged in the preceding paragraphs, the marketing, advertising, packaging and labeling by Defendant detailed above constitute an unlawful business practice within the meaning of Cal. Bus. & Prof. Code § 17200.

72.    There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein. Defendant could have truthfully labeled and advertised the Product.

73.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff and the Class paid an unwarranted premium for the Product. Plaintiff and the Class would not have purchased the Product if they had known that Defendant deceived consumers with the Misrepresentations and the Omission detailed herein.

74.    All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

75.    Wherefore, unless and until enjoined by order of this Court, the continued false, misleading and deceptive marketing and advertising by Defendant falsely promoting the Product with the Misrepresentations and the Omission detailed herein will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

76.    Therefore, pursuant to Cal. Bus. & Prof. Code §17203 and §17535, Plaintiff seeks an order in equity from this Court enjoining Defendant from engaging in the above-described wrongful acts and practices, including, but not limited to, an order enjoining Defendant from continuing to disseminate and or include the Misrepresentations and the Omission detailed herein in the marketing, advertising, website pages, packaging and labeling of the Product.

77.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Product they paid for, and by which Defendant was unjustly enriched.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

### FIRST AND SECOND CAUSES OF ACTION

1.    An order enjoining Defendant from pursuing the practices complained of herein;

2.    An order certifying that the action may be maintained as a Class Action;

3.    For an award of restitution in an amount according to proof at trial;

4.    For an award of attorney fees pursuant to Cal. Civil Code § 1021.5.

### FURTHER RELIEF

Plaintiff further seeks punitive damages pursuant to Cal. Civil Code § 3294, pre- and post-judgment interest and such other and further relief as the Court may deem appropriate.

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

CLASS ACTION COMPLAINT

DATED:  July 1, 2025                           STEVENS, L.C.


                                               By: _____

                                                   Paul D. Stevens
                                                   Attorneys for Plaintiff and the Class