Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
**STEVENS, LC**
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1211
Fax: (213) 270-1223
*Attorneys for Plaintiff and the Proposed Class*

Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Lucas K. Hori (State Bar No. 294373)
lhori@rutan.com
**RUTAN & TUCKER, LLP**
18575 Jamboree Rd., 9th Flr. Irvine, CA 92612
Tel: 714-641-5100
Fax: 714-546-9035
*Attorneys for Defendant HEALTHPRO BRANDS INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CHRYSTAL ROBERTS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHPRO BRANDS INC., and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:25-cv-07165-CV (MARx)<br><br>**JOINT STIPULATION TO STAY CASE**<br><br>Case Assigned for All Purposes to Hon. Cynthia Valenzuela |

1.     Plaintiff CHRYSTAL ROBERTS ("Plaintiff") and Defendant HEALTHPRO BRANDS INC., ("Defendant") (collectively, and together with Plaintiff, the "Parties"), by and through their undersigned counsel of record, hereby stipulate and jointly move the Court as follows:

2.     On July 1, 2025, Plaintiff filed the Complaint in this action in California Superior Court for the County of Los Angeles.

3.     On August 4, 2025, this action was removed to the United States District Court for the Central District of California (Docket 1).

4.     On August 4, 2025, the Parties filed a stipulation pursuant to L.R. 8-3 extending the time for Defendant's response to Plaintiff's Complaint to September 10, 2025 (Docket 5).

5.     Plaintiff has advised Defendant that Plaintiff intends to file a motion to remand this action to state court on the grounds that she believes there is no Article III standing over her claim for injunctive relief and no federal equitable jurisdiction over her claims for restitution. Defendant intends to oppose a motion to remand based on current authorities given that the Court has subject matter jurisdiction, and Defendant does not believe Plaintiff's arguments satisfy the statutory grounds for remand.

6.     On March 27, 2025, the Ninth Circuit Court of Appeals heard oral arguments in the matter of *Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378, which is an appeal from the district court's order in *Ruiz v. The Bradford Exchange, LTD.*, No. 3:23-cv-01800-WQH-KSC, 2024 WL 2844625 (S.D. Cal. May 16, 2024). Like here, *Ruiz* involves a complaint alleging claims under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL") and California's Unfair Competition Law, Cal. Bus. & Prof. § 17200 *et seq.* ("UCL"). Like here, the defendant in *Ruiz* removed the case to federal court. The plaintiff in *Ruiz* moved to remand the case to state court, arguing there was no federal equitable jurisdiction over her claims for restitution. The district court granted the motion to remand and the

1  defendant appealed. The *Ruiz* appeal has already been argued and is awaiting the
2  Ninth Circuit's decision.

3      7.    The Ninth Circuit Court of Appeals is also considering the matter
4  of *Haver v. Gen. Mills, Inc.*, No. 24-6784, which is an appeal from the district court's
5  order in *Haver v. Gen. Mills, Inc.*, No. 3:24-cv-01269-CAB-MMP, 2024 WL 4492052
6  (S.D. Cal. Oct. 11, 2024). Like in *Ruiz* and here, *Haver* involves a complaint alleging
7  claims under the FAL and UCL. Like here, the defendant in *Haver* removed the case
8  to federal court. The plaintiff in *Haver* moved to remand the case to state court,
9  arguing there was no federal equitable jurisdiction over her claims for restitution. The
10 district court granted the motion to remand, finding the *Haver* plaintiff lacked Article
11 III standing to seek injunctive relief, and concluding the court lacked equitable
12 jurisdiction over the claims. The defendant appealed. *Haver* is briefed and being
13 considered for an upcoming oral argument with sitting dates for October 2025 and
14 the subsequent sitting month. *Haver*, Case No. 24-6784 (9th Cir) (Docket 23).[1]

15     8.    Given the issues raised in *Ruiz* and *Haver*, the Parties anticipate that the
16 Ninth Circuit's decisions in *Ruiz* and *Haver* will be relevant to the disposition of
17 Plaintiff's anticipated remand motion and to whether this case should remain in
18 federal court.

19     9.    A district court has discretion to stay proceedings. *See Landis v. North*
20 *American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is
21 incidental to the power inherent in every court to control the disposition of the causes
22 on its docket with economy of time and effort for itself, for counsel, and for
23 litigants."). Courts frequently grant stays where, as here, there are overlapping
24 issues of law pending decision by an appellate court. *See*, *e.g.*, *Vance v. Google LLC*,

---

[1] Multiple other cases are also pending before the Ninth Circuit relating to this issue. *See*, *e.g.*, *Velasquez v. Luxottica Of America Inc.*, Case No. 25-1258; *Rogoff v. Transamerica Life Insurance Company*, Case No. 24-7732; *Young v. Renewal by Anderson*, Case No. 24-6095; *Broomes v. FullBeauty Brands Operations, LLC*, Case No. 25-3988.

1  No. 5:20-cv-04696-BLF, 2021 WL 534363, at *3 (N.D. Cal. Feb. 12, 2021);
2  *Grivas v. Metagenics, Inc.*, No. 15-cv-01838-CJC-DFMx, 2016 WL 11266835, at
3  *6 (C.D. Cal. Mar. 31, 2016); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014
4  WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) ("In light of the early stage of the instant
5  proceedings and the likelihood that the Ninth Circuit will provide substantial
6  guidance in its decision in *Jones*, the Court grants Defendant's motion to stay this
7  action"). A stay will serve judicial economy because the Ninth Circuit's decision
8  may lead to agreement between the Parties as to whether this case should remain in
9  federal court and, at a minimum, will be relevant to any briefing on the issue. A stay
10 will not be unduly lengthy because the Ninth Circuit has already taken the *Ruiz* matter
11 under submission and *Haver* is likely to be heard soon. Moreover, similar relief has
12 been granted elsewhere. *See Dezella Banks v. Glanbia Performance Nutrition (NA),*
13 *Inc.*, Case No. 2:25-cv-03356-AB-PVC (C.D. Cal. 2025) at Dkt. 11 (staying case
14 pending *Ruiz* decision).

15  10.  Accordingly, the Parties jointly request that the Court stay proceedings
16 in this case—including, but not limited to, any deadline for Plaintiff to file a
17 motion to remand or for Defendant to respond to the Complaint—until after the
18 Ninth Circuit issues its decisions in the *Ruiz* and *Haver* appeals.

19  11.  The Parties further propose that, no later than 30 days after the
20 Ninth Circuit has issued a decision in both *Ruiz* and *Haver*, the Parties will submit to
21 the Court a stipulation and proposed order lifting the stay and setting forth deadlines
22 to file any motion to remand or any response to the Complaint, as may be needed.

23  12.  The Parties respectfully request the Court enter the Proposed Order
24 concurrently filed with this stipulation.

25  13.  Pursuant to Local Rule 5-4.3.4, the filer attests on the signature page of
26 this document that all other signatories listed, and on whose behalf the filing is
27 submitted, concur in the filing's content and have authorized the filing.

28  **SO STIPULATED.**

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 21, 2025 | STEVENS, L.C. |
| 3 | | |
| 4 | | By: //S// *Paul Stevens* |
| | | Paul D. Stevens |
| 5 | | Lauren A. Bochurberg |
| 6 | | Attorneys for Plaintiff and the Class |
| 7 | | |
| 8 | Dated: August 21, 2025 | RUTAN & TUCKER, LLP |
| 9 | | |
| 10 | | By: /s/ *Lucas K. Hori* |
| | | Michael D. Adams |
| 11 | | Lucas K. Hori |
| 12 | | Attorneys for Defendant HEALTHPRO BRANDS INC. |

**ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized me to make this filing.

DATED: AUGUST 21, 2025

                STEVENS, L.C.

                BY: *//S/ Paul D. Stevens*
                Paul D. Stevens
                Attorneys for Plaintiff and the Class

# CERTIFICATE OF SERVICE

**United States District Court for the Central District**
**Case No. 2:25-cv-07165-CV (MARx)**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this **JOINT STIPULATION TO STAY CASE** via the CM/ECF system on August 21, 2025.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: August 21, 2025

_Ashley Meuwissen_
Ashley Meuwissen